UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 5 2011
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| DR. JANE GRAYSON WIGGINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-2128-G |
| THE BANK OF NEW YORK MELLON ) | |
| AS TRUSTEE FOR THE BENEFIT OF ) | |
| THE CERTIFICATEHOLDERS CWABS, ) | |
| INC. ASSET-BACKED CERTIFICATES, ) | |
| SERIES 2007-9 f/k/a THE BANK OF ) | |
| NEW YORK, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for leave to file an amended complaint (docket entry 20). For the reasons set forth below, the plaintiff's motion is denied.

### I. BACKGROUND

This is a wrongful foreclosure case. The plaintiff, Dr. Jane Grayson Wigginton ("Wigginton"), is a homeowner who executed the home equity promissory note and deed of trust in question. Memorandum Opinion and Order ("Court's Order") at 2

(docket entry 19), available at *Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071 (N.D. Tex. July 7, 2011) (Fish, J.). The defendants, Bank of New York Mellon Corporation ("Mellon"), BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration System ("MERS"), played various roles in initiating foreclosure proceedings against the plaintiff. *Id*. This court has already set out the underlying facts of this case in its previous opinion. See *id*. at 2-4.

On October 28, 2010, the defendants filed a motion to dismiss, and, in the alternative, a motion for a more definite statement (docket entry 3). On July 7, 2011, this court granted the defendants' motion to dismiss, and denied the defendants' motion for a more definite statement as moot. Court's Order at 1.

However, in the order, the court gave the plaintiff an opportunity to file a motion for leave to amend her complaint. *Id*. at 12. The plaintiff stated in her response to the defendants' motion to dismiss that "should the Court find that one or more of Plaintiff's theories of recovery are insufficiently pled, Plaintiff requests leave to amend." *Id*. Under the local rules of this court, the plaintiff should have made this request as a separate motion, with the proposed pleading attached as an exhibit. See *id*.; see also N.D. TEX. LOCAL RULES 7.1, 15.1. As a result, the plaintiff's request was not properly before the court when it rendered its decision on the defendants' motion to dismiss. Court's Order at 12. However, the court stated that

"[s]hould Wigginton elect to file a motion for leave to amend, the court will consider the merits of her request at that time." *Id.*

On July 15, 2011, the plaintiff filed a motion for leave to file an amended complaint (docket entry 20). Attached to this motion was the plaintiff's proposed amended complaint. *Id.*

## II. ANALYSIS

### A. Legal Standard

Under FEDERAL RULE OF CIVIL PROCEDURE 15(a), a party may amend her pleading once as a matter of course in two specified circumstances. However, "[i]n all other cases, a party may amend [her] pleading only with . . . the court's leave." *Id.* at 15(a)(2). This court will "freely give leave when justice so requires." *Id.*

As a result, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Smith v. EMC Corporation*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotations omitted). The Supreme Court has outlined five considerations that this court will use to determine whether to grant a motion for leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, it is clear that the plaintiff's amendments would be futile. The proposed amended complaint does not allege any facts or causes of action that were not in her initial state court petition. The amended complaint does contain a fair amount of new text, but these additions are almost entirely legal argument. Because this court has already dismissed a complaint alleging the same facts and causes of action, the plaintiff's amendments would be futile.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to file an amended complaint is **DENIED**.

**SO ORDERED.**

December _5_, 2011.

_____
A. JOE FISH
Senior United States District Judge